IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(CHARLOTTE DIVISION)

SODEXHO MARRIOTT MANAGEMENT, )
INC., )
) No. 1:01cv18-C
Plaintiff, )
) **COMPLAINT**
v. )
)
SARA LEE CORPORATION, )
BALI COMPANY )
)
Defendants. )

Plaintiff Sodexho Marriott Management, Inc. ("Sodexho Marriott"), by and through its attorneys, complains and alleges as follows:

### THE PARTIES

1. Sodexho Marriott is a corporation organized under the laws of the State of New York with its principal place of business located in Buffalo, New York.

2. Defendant Sara Lee Corporation ("Sara Lee") is a corporation organized under the laws of the State of Maryland, with its principal place of business located in Illinois. Sara Lee is a global consumer packaged goods company. Sara Lee's businesses fall into one of the following general categories or segments: Food and Beverage; Intimates and Underwear; and Household Products. Upon information and belief, Sara Lee is a division of Defendant Bali Company ("Bali").

3. Defendant Bali Company ("Bali") is a corporation organized under the laws of the State of Delaware, with its principal place of business located in North Carolina.

### JURISDICTION AND VENUE

4. Sodexho Marriott is a citizen of the State of New York. Sara Lee is a citizen of the States of Maryland and Illinois. Bali is a citizen of the States of Delaware and North

Carolina. The amount at issue in this case exceeds $75,000, exclusive of interest and costs. This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

5. Sara Lee is registered to do business in North Carolina, has operations in King Mountain, North Carolina, and has nominated Corporation Service Company as its agent for the acceptance of service of process in this State. Upon information and belief, Sara Lee is also a division of Bali, which is a corporation that maintains its principal place of business in Winston-Salem, North Carolina.

6. Therefore, the Court has jurisdiction over both defendants for the matters at issue in this action.

7. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8. Generally, Sodexho Marriott provides full-service operations for vending and dining services and integrated facilities management at the locations of various client companies.

9. On or about October 27, 1999, Sodexho Marriott provided Bali with a comprehensive proposal for on-site dining and vending services at two separate manufacturing facilities located in Kings Mountain, North Carolina. The specific addresses for these facilities were 219 Commerce Boulevard and 705 Canterbury Road.

10. Sometime after receiving the October 27, 1999 proposal, Bali expressed an interest in pursuing a management agreement with Sodexho Marriott.

11. On or about November 3, 1999, a representative of Sodexho Marriott provided Bali with a "Letter of Intent" which would allow Sodexho Marriott to proceed with the project. If Bali was satisfied with this letter, Bali was requested to sign and return the letter to Sodexho Marriott.

12. On or about November 4, 1999, a copy of the Letter of Intent was returned which was signed by Cecil Moore, Vice President of Distribution & Customer Service, on behalf of "Sara Lee Intimates (Bali Co. Div.)."

13. By signing this Letter of Intent, the defendants authorized Sodexho Marriott to make the necessary expenditures to prepare for, and to commence the food services as per the proposal, and agreed to fully reimburse Sodexho Marriott for any amounts expended in this regard between the date of the Letter of Intent and the time at which the parties executed a formal food services agreement.

14. Following the receipt of the signed Letter of Intent, Sodexho Marriot repeatedly sought to have the parties execute a Food Services Agreement.

15. Following the receipt of, and in reliance upon the signed Letter of Intent, Sodexho Marriott made substantial expenditures in order to provide full-service food and vending services at the two Bali facilities in Kings Mountain, North Carolina.

16. Sodexho Marriott incurred substantial expenses in purchasing the necessary food service equipment (vending and manual equipment), as well as designing and constructing the cafes (including, but not limited to, the kitchen areas, the serveries, and the dining areas).

17. Sodexho Marriott also incurred substantial costs relating to the opening of the food service operations at the two facilities, including, but not limited to, pre-opening labor expenses, training-crew labor expenses, training-crew meals, lodging, travel and related expenses, and charges for finance and operating manuals, uniforms, Smallwares, advertising forms, opening promotions, opening office supplies, and interviewing and relocation expenses.

18. On or about December 3, 1999, Sodexho Marriott began providing vending service at the two facilities.

19. Beginning on or about March 13, 2000, Sodexho Marriott began managing and operating food service cafes at the two facilities. From March 13, 2000 until the present date, Sodexho Marriott has also incurred substantial operating expenses in connection with providing

3

Case 1:01-cv-00018-MOC   Document 1   Filed 01/24/01   Page 3 of 6

the food services at the two facilities. On average, the total amount of Sodexho Marriott's invoices to the defendants for such food services ranged from $15,000 to $19,000 per month.

20. From on or about March 13, 2000 through June 2000, the invoices were paid in full and no complaints were made by the defendants about the design, construction, or overall management of the food services at the two facilities.

21. Beginning in July 2000, the defendants, without any explanation or justification, failed to pay the full amount of the food service invoices submitted by Sodexho Marriott.

22. Despite the payment shortfalls by the defendants, and the absence of a Food Services Agreement, Sodexho Marriott continued to provide food services at the two facilities.

23. Despite repeated demands from Sodexho Marriott, the defendants have refused to pay Sodexho Marriott the outstanding balance of delinquent invoices.

24. Sodexho Marriott has performed all of its obligations under the Letter of Intent and as outlined in the proposal.

25. On December 4, 2000, Sara Lee wrote to Sodexho Marriott and gave notice that Sara Lee wished to end the business relationship with Sodexho Marriott effective February 5, 2001.

26. The defendants' failure to pay Sodexho Marriott is a breach of the agreement recited in the Letter of Intent, which specifically required Sara Lee to reimburse Sodexho Marriott in full for "any amounts expended by Sodexho Marriott."

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

27. Sodexho Marriott incorporates and realleges the allegations contained in paragraphs 1-26 of this Complaint as though fully set forth herein.

28. The defendants' refusal to pay the total outstanding balance owed to Sodexho Marriott arising from services performed by Sodexho Marriott constitutes a breach of the reimbursement agreement recited in the Letter of Intent.

29. As a result of the defendants' breach of the reimbursement agreement recited in the Letter of Intent, Sodexho Marriott has been damaged in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

30. Sodexho Marriott incorporates and realleges the allegations contained in paragraphs 1-29 of this Complaint as though fully set forth herein.

31. Through its refusal to pay the amounts due under the reimbursement agreement recited in the Letter of Intent, the defendants have precluded Sodexho Marriott from obtaining the benefits of the agreement.

32. The defendants' refusal to pay the amounts due under the agreement constitutes a breach of the covenant of good faith and fair dealing.

33. As a result of the defendants' breaches of the covenant of good faith and fair dealing, Sodexho Marriott has been damaged in an amount to be proved at trial.

### FIRST ALTERNATIVE CLAIM FOR RELIEF
### (*Quantum Meruit*)

34. Sodexho Marriott incorporates and realleges the allegations contained in paragraphs 1-33 of this Complaint as though fully set forth herein.

35. As an alternative to its claim for breach of contract, Sodexho Marriott alleges that it is entitled to the fair market value of the equipment, labor, materials, and service that it has provided to the benefit of the defendants, according to the theory of *quantum meruit*.

36. The defendants accepted, used, and benefited from services and material provided by Sodexho Marriott.

37. The defendants' failure to pay Sodexho Marriott the outstanding balance owed to Sodexho Marriott for equipment purchased and food services provided by Sodexho Marriott would result in the defendants being unjustly enriched.

**WHEREFORE**, Sodexho Marriott respectfully requests the Court to grant the following relief:

(a) Order defendants to pay Sodexho Marriott the amount of damages to be proved at trial together with interest;

(b) Award Sodexho Marriott its costs and disbursements, including reasonable attorneys' fees in this action;

(c) Try the issues involved herein to a jury; and

(d) Grant such other and further relief as this Court may deem just and proper.

DATED this 24th day of January, 2001.

Davis Wright Tremaine LLP
*Attorneys for Plaintiff Sodexho Marriott Management, Inc.*

By *[signature]*
Peter Crane Anderson
N.C. State Bar # 18661

By *[signature]*
Mark Vasco
N.C. State Bar # 27048